IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WAYNE L. CLARK, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACT. NO.  2:14cv1175-MHT |
| ) | (WO) |
| SOUTH ALABAMA COURT ) | |
| REFERRAL SERVS., INC., and DISTRICT) | |
| COURT OF COVINGTON COUNTY, ) | |
| STATE OF ALABAMA, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE and ORDER**

**INTRODUCTION**

In this action, the *pro se* plaintiff, Wayne L. Clark, Jr., alleges that he was required to participate in a faith-based 12-step program after his conviction for DUI in Covington County, Alabama in violation of the Establishment Clause of the First Amendment of the United States Constitution.  U.S. CONST.  AMEND. I.[1]  The plaintiff names as defendants the District Court of Covington County, Alabama, and South Alabama Court Referral Services, Inc..

Now pending before the court is the motion to dismiss filed by defendant District Court of Covington County (doc. # 8) and the motion to dismiss filed by defendant South

---

[1]  Specifically, the First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."  U.S. CONST.  AMEND. I

Alabama Court Referral Services, Inc. (doc. # 10). The court heard oral argument on the motions to dismiss on January 27, 2015. After careful consideration of the motions, and for good cause, the court concludes that defendant District Court of Covington County's motion to dismiss should be granted, and this defendant should be dismissed. The court further concludes that the motion to dismiss filed by South Alabama Court Referral Services, Inc., should be denied without prejudice and with leave to refile after the plaintiff files an amended complaint.

## STANDARD OF REVIEW

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept well-pled facts as true, but the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, the court must indulge reasonable inferences in plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.. See also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. *See Iqbal*, 556 U.S. at 679 (explaining "only a complaint that states

2

a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62, 570 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard). In *Twombly*, the Supreme Court emphasized that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555. Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations and emphasis omitted).

More recently, in *Iqbal*, the Supreme Court reiterated that although Fed. R. Civ. P. 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. *Id.* at 679. The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Further, "[c]ourts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 550 U.S. 662. A plaintiff's *pro se* status must be considered alongside the pleading requirements of *Twombly*

3

and *Iqbal*. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Cf.* FED.R.CIV.P. 8(e) ("All pleadings must be construed so as to do justice").

## DISCUSSION

### A. Defendant District Court of Covington County, Alabama

Construing Clark's complaint liberally in light of his *pro se* status, it appears that after being convicted of DUI in the District Court of Covington County, Alabama, as part of his sentence, Clark was required to participate in a substance abstinence program. He was referred to the Alabama Court Referral program which is managed in Covington County by South Alabama Court Referral Services. As part of his case management plan, Clark was required to attend meetings of Alcoholics Anonymous ("AA"), a faith-based 12-step program, once a week. Clark contends that he is agnostic and therefore requiring him to attend AA violates his First Amendment rights.

Clark names as a defendant the District Court of Covington County. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the court may dismiss a defendant named in a pro se complaint if the claim against the defendant fails to state a claim on which relief may be granted. It is wholly unclear under state law whether the District Court of Covington County is an entity capable of being sued. Nonetheless, even if the District Court is capable of being sued, it is

not amendable to suit under 42 U.S.C. § 1983 because it is not a "person." *Nimock v. Walker County District Court*, 2012 WL 6814181 (N.D. Ala. 2012) ("The Walker County District Court is not a person subject to suit and the claim against them is due to be dismissed.") *See also Callahan v. City of Philadelphia*, 207 F.3d 668, 673 (3rd Cir. 2000) ("we hold that [the judicial defendants] are not persons within Section 1983.") Consequently, the District Court of Covington County is not an entity amenable to suit under 42 U.S.C. § 1983, and this defendant is due to be dismissed.

### B. Defendant South Alabama Court Referral Services, Inc.

All litigants, including those proceeding *pro se*, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe Clark's pleadings, *see Hughes v. Rowe*, 449 U.S. 5 (1980), the court does not have "license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain a cause of action." *GJR Invs, Inc.*, 132 F.3d at 1369 (citations omitted) *overruled on other grounds* by *Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010). Although a complaint need not contain "detailed factual allegations," *Twombly*, 550 U.S. at 555, it must contain "enough facts to state a claim for relief that is plausible on its face." *Id*. at 570.

> In order for the plaintiff to satisfy his "obligation to provide the grounds of his entitlement to relief," he must allege more than "labels and conclusions"; his complaint must include "[f]actual allegations [adequate] to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. ___, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (May 21, 2007) (citations and quotations omitted). Stated differently, the factual allegations in a complaint must "possess enough heft" to set forth "a plausible entitlement to relief," 127 S.Ct. at 1966-67. Moreover, "while notice pleading may not require that the

5

>pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.' " *Roe v. Aware Woman Ctr. for Choice, Inc.,* 253 F.3d 678, 683 (11th Cir.2001) (quoting *In re Plywood Antitrust Litig.,* 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)).

*Financial Sec. Assur., Inc. v. Stephens, Inc*., 500 F.3d 1276, 1282-83 (11th Cir. 2007).

In this case, the plaintiff's complaint fails to adequately set forth his claims against South Alabama Court Referral Services, Inc., and does not describe sufficient facts in support of his claims against this defendant. Conducting the *mandatory* review of complaints brought by litigants seeking to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1)[2], the Court cannot assess the viability of Clark's claims against defendant South Alabama Court Referral Services, Inc., as the law requires because Clark has failed to establish a factual basis for his claims against this defendant. For this reason, the Court concludes that it is appropriate to require Clark to file an amended complaint identifying each defendant and describing the facts of his claims against each defendant.

## CONCLUSION

Accordingly, for the reasons as stated, it is the RECOMMENDATION of the Magistrate Judge that defendant District Court of Covington County's motion to dismiss (doc. # 8) be GRANTED and the District Court of Covington County be DISMISSED as a defendant in this action. It is further the RECOMMENDATION of the Magistrate Judge that

---

[2] Clark was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) on December 8, 2014.  *See* Doc. # 4.

defendant South Alabama Court Referral Services, Inc.'s motion to dismiss (doc. # 10) be DENIED without prejudice and with leave to refile after the plaintiff has filed an amended complaint.

It is further

ORDERED as follows:

1. That the parties shall file any objections to the said Recommendation on or before **February 13, 2015.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

2. On or before **February 20, 2015**, Clark shall file an amended complaint

naming each defendant and setting forth the *factual* basis for his claims against each named defendant.  Clark's amended complaint should represent his best effort to describe in simple language who did what to him as well as where, when, and why these actions give rise to his claims.  **Clark is hereby advised that failure to comply with Orders of this Court, including this Order directing him to file an amended complaint may result in the dismissal of his action.**

Done this 30th day of January, 2015.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE