IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WAYNE L. CLARK, JR.,            )
                               )
        Plaintiff,             )
                               )
v.                             )      CIVIL ACT. NO.  2:14cv1175-MHT
                               )              (WO)
SOUTH ALABAMA COURT            )
REFERRAL, INC., and DISTRICT   )
COURT OF COVINGTON COUNTY,     )
STATE OF ALABAMA,              )
                               )
        Defendants.            )

RECOMMENDATION OF THE MAGISTRATE JUDGE

In this action, the pro se plaintiff, Wayne L. Clark, Jr., alleges that the defendants

required him to participate in Alcoholics Anonymous ("AA"), a faith-based 12-step program,

after his conviction for DUI in Covington County, Alabama in violation of the Establishment

Clause of the First Amendment of the United States Constitution. U.S. CONST. AMEND.

I.[1] The plaintiff names as defendants Angie Curry, his court referral officer, and Judge Julie

Moody, the district judge who ordered him to the court referral program. After careful

consideration of the motion to dismiss (doc. # 25) filed by Moody, the court concludes that

her motion should be granted, and this defendant should be dismissed.

---

[1]1    Specifically, the First Amendment provides that "Congress shall make no law respecting an
establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or
of the press; or the right of the people peaceably to assemble, and to petition the Government for a
redress of grievances." U.S. CONST. AMEND. I

STANDARD OF REVIEW

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept well-pled facts as true, but the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, the court must indulge reasonable inferences in plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.. See also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").  A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. *See Iqbal*, 556 U.S. at 679 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62, 570 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard).  In *Twombly*, the Supreme Court emphasized that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  550 U.S. at 555.  Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if

doubtful in fact)." *Id.* (internal citations and emphasis omitted).

Thus, although Fed. R. Civ. P. 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* And, of course, the court must construe a pro se litigant's pleadings liberally. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

DISCUSSION

The undisputed facts show that after Clark was convicted of driving under the influence of alcohol in the District Court of Covington County, Alabama, (Doc. # 17) defendant Judge Moody referred Clark to the Alabama Court Referral program. Clark contends that this referral by Judge Moody violated his constitutional rights. The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to her judicial authority. *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Stump v. Sparkman*, 435 U.S. 349 (1978). Because Judge Moody is sued for actions taken while acting in her judicial capacity, she is entitled to absolute immunity. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction,'" *Bolton v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citations omitted). "This immunity applies even when the judge's acts

3

are in error, malicious, or were in excess of his or her jurisdiction." *Stump*, 435 U.S. at 356.

Any claims Clark alleges against defendant Moody clearly implicate acts taken in Judge Moody's judicial capacity for which she is entitled to absolute judicial immunity.  The path for challenging rulings or official court actions is an appeal to an appropriate court. The law does not subject a court or a judge to suit by unsuccessful litigants. Thus, Clark's dispute with the rulings of defendant Moody in his criminal case does not state a cognizable federal claim.

A district court may conclude a claim has little or no chance of success and dismiss that claim when it determines that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless."  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  An action is frivolous if the "plaintiff's realistic chances of ultimate success are slight." *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir. 1990).  Because Moody is entitled to absolute immunity for her actions taken in her judicial capacity, pursuant to 28 U.S.C. § 1915(e)(2)(B), the claims against her are based on an indisputably meritless legal theory. *See Neitzke*, 490 U.S. at 327. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the court may dismiss a defendant named in a pro se complaint if the claim against the defendant fails to state a claim on which relief may be granted. Accordingly, the plaintiff's claims for monetary damages against Judge Moody are "based on an indisputably meritless legal theory."  Her motion to dismiss is due to be granted, and defendant Moody is due to be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).[2]

---

[2]Clark does not seek injunctive relief against Moody.

Accordingly, for the reasons as stated, it is the RECOMMENDATION of the Magistrate Judge that defendant Julie Moody's motion to dismiss (doc. # 25) be GRANTED and defendant Julie Moody be DISMISSED as a defendant in this action.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before September 1, 2015**.   A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 18th day of August, 2015.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE