IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WAYNE L. CLARK, JR.,            )
                               )
        Plaintiff,             )
                               )
v.                             )      CIVIL ACT. NO.  2:14cv1175-MHT
                               )               (WO)
ANGIE CURRY,                   )
                               )
        Defendant.             )

**RECOMMENDATION OF THE MAGISTRATE JUDGE and ORDER**

## I.  INTRODUCTION

In this action, the *pro se* plaintiff, Wayne L. Clark, Jr. ("Clark"), alleges that  in

violation of the Establishment Clause of the First Amendment of the United States

Constitution, defendant Angie Curry ("Curry"), the plaintiff's state court referral officer,

required him to participate in Alcoholics Anonymous ("AA"), a faith-based 12-step program,

after his conviction for driving under the influence (DUI) in Covington County, Alabama.

U.S. CONST. AMEND. I.[1]  Clark originally sued the South Alabama Court Referral Services,

Inc., the District Court of Covington County, Alabama, and District Judge Julie Moody but

these defendants have been dismissed.  Defendant Curry is the sole remaining defendant in

this case.  Clark seeks compensatory and punitive damages.  (Doc. # 17 at 1).  The court has

jurisdiction of his claim pursuant to its federal question jurisdiction.  *See* 28 U.S.C. § 1331.

---

[1]  Specifically, the First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."  U.S. CONST.  AMEND. I

Now pending before the court is the motion for summary judgment  filed by the defendant (doc. # 51) on November 23, 2015.  On January 5, 2016, the plaintiff filed a response in opposition to the motion for summary judgment (doc. # 58).  After careful consideration of the motion, the briefs filed in support of and in opposition to the motion, and the supporting and opposing evidentiary materials, the court concludes that the motion for summary judgment is due to be GRANTED, and this case is due to be DISMISSED with prejudice.

## II.  THE SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute][2] as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation omitted); FED.R.CIV.P. 56(c) (Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine [dispute] as to any material fact and that the movant is entitled to judgment as a matter of law.").  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and

---

[2]  Effective December 1, 2010, the language of Rule 56(a) was amended.  The word "dispute" replaced the word "issue" to "better reflect[] the focus of a summary-judgment determination."  FED.R.CIV.P. 56(a), Advisory Committee Notes, 2010 Amendments.

affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of his case on which he bears the ultimate burden of proof. *Id.* at 322-324.

Once the defendant meets her evidentiary burden and demonstrates the absence of a genuine dispute of material fact, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; FED.R.CIV.P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion."). A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in his favor. *Greenberg*, 498 F.3d at 1263.

To survive the defendant's properly supported motion for summary judgment, the plaintiff is required to produce "sufficient [favorable] evidence" establishing a violation of his constitutional rights. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id*. at 249-250. "A mere 'scintilla' of

evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990) *quoting Anderson*, *supra*. Hence, when a plaintiff fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Sec'y of Dep't of Children & Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate

4

a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co, Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper.  *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, *see Hughes v. Rowe*, 449 U.S. 5 (1980), a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact.  *Beard v. Banks*, 548 U.S. 521, 529 (2006); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).  Moreover, the court does not have "license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain a cause of action." *GJR Inv., Inc. v. County of Escambia, Fl.*, 132 F.3d 1359, 1369 (11th Cir. 1998).  Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case.

## III. FACTS

The pertinent facts are undisputed.[3]  On August 7, 2013, Clark was charged with driving under the influence of alcohol.[4]  (Doc. # 51, Ex. A, Clark's Dep. at 13-14). He was convicted on March 2, 2014 in the District Court of Covington County, Alabama.  (*Id*. at 46). District Judge Moody sentenced Clark to 180 days in jail but the sentence was suspended on the following conditions: 34 months of good behavior, completion of a court referral program, and payment of a fine.  (Doc. # 51, Ex. A, Def's Ex. 2).  Clark agreed to the conditions and signed and acknowledged receipt of the order and conditions of probation. (Doc. # 51, Ex. A, Clark's Dep. at 51-52; Doc. # 51, Ex. A, Def's Ex. 2).

Judge Moody ordered Clark to call the Court Referral program which is managed in Covington County by South Alabama Court Referral Services within thirty-one (31) days of the date of the order.  (Doc. # 51, Ex. A, Def's Ex. 2).  Clark made the appointment and met with defendant Curry.  As Clark's Court Referral Officer, Curry created a case management plan which included Level 3 Referral Program, monitoring sessions for 12 months, random

---

[3]  At this stage of the proceedings, this court takes the facts alleged by Clark as the non-movant as true and construes them in the light most favorable to him.  *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 848 (11th Cir. 2000) (citations omitted) ("In assessing whether there is any 'genuine issue' for trial, the court 'must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party" and 'resolve all reasonable doubts about the facts in favor of the nonmovant.").

However, the court accepts the defendant's factual assertions when they are based on undisputed evidence and have not been contradicted by the plaintiff. *See Singletary v. Vargas*, 804 F.3d 1174, 1176 n. 2 (11th Cir. 2015); *Scott v. Harris*, 550 U.S. 372, 379 (2007) ("[F]acts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." (quoting FED. R. CIV. P. 56(c))).

[4]  This was his fourth conviction for driving under the influence, *see* Doc. # 51, Ex. A, Clark's Dep. at 15, of which all but the last were "prescription-medicine related."  (*Id*.).

drug and alcohol testing, and attendance at AA meetings once a week.  (Doc. # 51, Ex. A, Def's Ex. 3).  Clark admits that he signed the case management plan, but asserts that he signed it "under duress."[5]  (Doc. # 51, Ex. A, Clark's Dep. at 51-52, 54-57,73-74).  Clark understood that, pursuant to the order of probation, he was required to complete the court referral program or he would go to jail.  (*Id*. at 57, 61).

Curry referred Clark to the South Central Alabama Mental Health Center for a Substance Abuse Assessment.  (Doc. # 51, Ex. A, Def's Ex. 8).  When Clark informed the Center that he did not believe in Twelve Step programs and would not participate in such a program, the Center notified Curry that they could not provide Clark with services.  (*Id*.).

When Clark met with Curry in May, he tried to explain his beliefs.  (Doc. # 51, Ex. A, Clark's Dep. at 56, 84-85).  Curry told Clark he would hear from the court.  (*Id*.)

On July 1, 2014, Clark appeared before Judge Moody and explained his concerns about AA and other faith-based programs.  (*Id*. at 89).  Judge Moody ordered Clark to return to South Central Alabama Mental Health Center.  (*Id*. at 90, 94).  In August of 2014, Judge Moody ordered Clark to submit to an evaluation at a private facility in Dothan, Alabama.  (*Id.* at 91, 102).

Clark filed this action on November 26, 2014.  (Doc. # 1).

---

[5]  Whether Clark signed the document under duress is not material to the court's resolution of the motion for summary judgment because, as it will be explained, Curry did not require Clark to complete the case management plan.

After several attempts to find a program acceptable to Clark,[6] the court ordered Clark to find a program he could attend by December 2, 2014.  (Doc. # 51, Ex. A, Clark's Dep. at at 118).  When Clark did not enroll in or attend a substance abuse or recovery program, on December 2, 2014, Judge Moody held him in contempt of court and jailed him for five days. (*Id*. at 122).

## IV.  DISCUSSION

Clark alleges that Curry required him, as part of the Court Referral Program, to attend faith-based 12-step programs, in violation of the Establishment Clause of the First Amendment.  He further contends that when he refused to attend AA meetings because he is agnostic, she reported him to the court.  Curry alleges that she did not force Clark to participate in a faith-based program, and when he informed her of his objections, she simply reported his objections to the court.[7]

Clark has sued Curry under 42 U.S.C. § 1983.  No substantive rights are created by Section 1983; it merely provides a remedy for deprivations of federal rights created elsewhere.  *Wideman v. Shallowford Cmty Hospital, Inc.*, 826 F.2d 1030 (11th Cir. 1987).  To be successful on § 1983 claim, a plaintiff must establish that he suffered a deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States

---

[6]  The irony of this lawsuit is that Curry attempted to find a non-faith based program for Clark to attend, but she was unsuccessful finding one in Covington County, Alabama.  (Doc. # 51, Ex. A, Clark's Dep. at 103-07).

[7]  She also asserts that she is entitled to absolute quasi-judicial immunity or qualified immunity because she was simply following the court's order.  The court pretermits discussion of the immunity issues because the court concludes that the defendant is entitled to judgment as a matter of law.

and that the act or omission causing the deprivation was committed by a person acting under color of state law. *Id.* "[I]n any § 1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527 (1981).

Clark has failed to demonstrate that Curry violated any of his constitutional rights. The undisputed evidence before the court from Clark himself demonstrates that when Clark voiced his objections to Curry, she did not force him to attend AA meetings nor did she require him to participate in any type of faith-based program.

> Q:   Is it true that Ms. Curry did not attempt, after you objected, to force you to go to the South Central Alabama Mental Health Center?
>
> A:   She couldn't.  South Central Mental Health did not want me since I told them that I would not attend any A.A. meetings, and I did not believe in the big book 12-step method of treatment.
>
> Q:   After you told them that, [Curry] didn't try to force you to go anyway, did she?
>
> A:   Not after that. . . .
>
> Q:   When you found out that Bradford [in Dothan] was faith-based, did Ms. Curry do anything to try to force you to go there anyway?
>
> A:   No.  Ms. Curry basically remained silent, because at that point, I was talking with the judge.

(Doc. # 51, Ex. A, Clark's Dep. at 108-09).

9

Repeatedly during his deposition, Clark made admitted that Curry did not order him to participate in the Court Referral Program, but rather it was the court that ordered him to participate in a program as a condition of his probation.  (Doc. # 51, Ex. A, Clark's Dep. at 62-63, 87, 95 & 118).

The crux of Clark's complaint is that Curry reported him to the court after he voiced his objections to the South Central Alabama Mental Health Center and other faith-based twelve step programs.

> Q:     Well, after you voiced your Constitutional objections to going to the mental health center here in Andalusia, Ms. Curry, what actions, if any, did she take after that point to nevertheless compel you to attend a faith-based program?
>
> A:     I don't know what actions she took except the one of turning me to have me brought up on the contempt of court charge.
>
> \*     \*     \*
>
> Q:     And so she sent you back to court once you objected to going to the mental health center?
>
> A:     Yes.
>
> Q:     That was her response?
>
> A:     That was her response, to send me back to court.
>
> Q:     Did she do anything else besides return you to court?
>
> A:     Not necessarily . . .
>
> \*     \*     \*
>
> Q:     Once you objected to the faith-based portion of the case management

plan, what did Ms. Curry do to attempt to force you to attend
nevertheless?

A:      She didn't do anything.

(*Id.* at 119-21).

To prevail against Curry, Clark must show that she was personally involved in acts
or omissions that resulted in an alleged constitutional deprivation. *Hale v. Tallapoosa
County*, 50 F.3d 1579 (11th Cir. 1995). The language of § 1983 plainly requires proof of an
affirmative causal connection between the actions taken by a defendant and the constitutional
deprivation. *Swint v. City of Wadley, Ala.*, 51 F.3d 988, 990 (11th Cir. 1995). The
undisputed evidence demonstrates that, as part of his sentence of probation, Clark was
ordered by the court to complete a court referral program. It is further undisputed that when
Clark voiced his objections to a faith-based program or AA, Curry did not force him to
participate in such a program. At no time did Curry force Clark to attend or participate in a
faith-based program. The plaintiff relies on the case management plan to assert that his
rights were violated because AA was specified in the plan. However, the undisputed
evidence demonstrates that when Clark objected, he was not forced to participate in AA or
a faith-based program. The mere fact that Curry informed the court of Clark's objections to
the court referral program, is insufficient, as a matter of law, to establish a violation of his
constitutional rights.

This case is before the court on Curry's motion for summary judgment. When a
motion for summary judgment has been properly made, the nonmoving party may not rely

11

solely on the pleadings, but by affidavits, depositions, answers to interrogatories, and admissions must show that there are *specific facts* demonstrating that there is a genuine issue for trial. *Brown, supra* (emphasis added). The plaintiff has failed to produce any evidence which would establish that Curry acted improperly towards him. The onus is on the party opposing summary judgment to submit affirmative evidence demonstrating that there exists a genuine issue of material fact regarding an essential element of the claim. *Celotex,* 477 U.S. at 322. Consequently, the court concludes that Clark has filed to establish that there exists genuine disputes of material fact about whether he suffered a violation of his constitutional rights at the hands of Curry. Clark has not come forward with any evidence from which a reasonable jury could conclude that Curry's actions violated his constitutional rights. Accordingly, the court concludes that the defendant is entitled to summary judgment.

## V. CONCLUSION

Accordingly, for the reasons as stated, it is the RECOMMENDATION of the Magistrate Judge that the defendant's motion for summary judgment (doc. # 51) be GRANTED, and this case be DISMISSED with prejudice, and that costs be TAXED AGAINST the plaintiff. It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **May 4, 2016.** A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate

Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11ᵀᴴ Cɪʀ. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).

Done this 20th day of April, 2016.

        /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE